UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   vs.<br><br>STERLING GEORGE SPOTTED ELK, JR.,<br><br>            Defendant. | 4:20-CR-40071-KES-2<br><br>**ORDER<br>DENYING MOTION<br>TO REDUCE SENTENCE** |

      Defendant, Sterling George Spotted Elk, Jr., filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 100. The Federal Public Defender filed a supplement to Spotted Elk's motion. Docket 107. Plaintiff, the United States of America, opposes Spotted Elk's motion. Docket 109. For the following reasons, Spotted Elk's motion for a sentence reduction is denied.

### DISCUSSION

      The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

      "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

On August 6, 2021, Spotted Elk pleaded guilty to carjacking, aiding and abetting in violation of 18 U.S.C. §§ 2 and 2119. *See* Docket 42 at 1–2; Docket 70. At the time of Spotted Elk's sentencing, his guideline range, based on a total offense level of 25 and a Criminal History Category of V, was 100–125 months in custody. Docket 84 ¶ 60. He had a total of 10 criminal history points, which included 2 "status points" for committing his offense while under

a criminal justice sentence. *Id.* ¶ 36–37. On December 9, 2021, the court sentenced Spotted Elk to a guideline-range term of 100 months imprisonment. Docket 98 at 2.

On July 9, 2024, Spotted Elk filed a motion requesting a reduced sentence pursuant to Amendment 821 to the Sentencing Guidelines. Docket 100. In a supplement to that motion, Spotted Elk argues that under the amended guidelines, he no longer receives two status points for committing his offense while under a criminal justice sentence, and that this change impacts his guideline range. Docket 107 at 1. He requests a sentence reduction to a term of 84 months. *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Because Spotted Elk had 7 or more criminal history points, under the

3

amended U.S.S.G. § 4A1.1(e) he is eligible for 1 less "status point." With that reduction, Spotted Elk receives 1 "status points," which gives him a total of 9 criminal history points. That decrease places him in Criminal History Category IV which, when coupled with his total offense level of 25, reduces his advisory guideline range to 84–105 months in custody. *See* U.S.S.G., Ch. 5, Pt. A.

But after considering the policy statement at U.S.S.G. § 1B1.10 and the sentencing factors set forth at 18 U.S.C. § 3553(a), the court finds that a sentence reduction is not warranted. Spotted Elk's BOP disciplinary record shows that he committed a number of infractions between his sentencing and the time of his motion. *See* Docket 104 at 1. His BOP record shows he was sanctioned for assault without serious injury, possessing a dangerous weapon, and refusing to obey an order. *See id.* Of particular concern to the court is a sanction Spotted Elk received for assault without serious injury that occurred in March of 2024. *See id.* at 2.

In addition to Spotted Elk's post-sentencing conduct, the nature and circumstances of the offense weigh against a sentence reduction. Spotted Elk attempted to hijack a car and was only prevented from doing so by an engaged gear lock. Docket 84 ¶ 5. Spotted Elk's accomplice pointed a gun at the victim and Spotted Elk ordered her onto to the ground before attempting to leave with her vehicle. *See id.* ¶ 6. Thus, the nature and circumstance of the offense raise serious doubts as to whether a sentence less than 100 months would sufficiently protect the public from further crimes by Spotted Elk.

When considering the § 3553(a) factors, the court must also consider the

4

need for the sentence imposed to "promote respect for the law," that the sentence must "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct," as well as to protect the public from further crimes. *See* § 3553(a)(2)–(4). Consideration of these factors confirms that a sentence reduction is not warranted under the circumstances of Spotted Elk's case. The sentence initially imposed reflects the seriousness of his offense and protects the public from further criminal conduct, which is of particular concern due to Spotted Elk's continued behavioral violations in custody and history of recidivism. Based on the considerations outlined above, Spotted Elk's request for a sentence reduction is denied.

## CONCLUSION

It is ORDERED that Spotted Elk's motion (Docket 100) is DENIED.

Dated August 30, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
